**Walter CRAWLEY, III, Petitioner–Appellant,**

v.

**Bruce CURTIS, Warden, Respondent–Appellee.**

No. 01–2101.

United States Court of Appeals,
Sixth Circuit.

May 7, 2002.

Before MERRITT, SUHRHEINRICH, and GILMAN, Circuit Judges.

*ORDER*

Walter Crawley, a pro se Michigan prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Following a bench trial in 1993, Crawley was convicted of first-degree premeditated murder, and possession of a firearm during the commission of a felony. Crawley was sentenced to life in prison, plus two years. The Michigan Court of Appeals affirmed Crawley's convictions, but remanded the case to the trial court for an evidentiary hearing on Crawley's claim that counsel should have moved to suppress his statements to the police. On remand, the trial court conducted a hearing, determined that Crawley's right to remain silent had been violated, but it concluded that Crawley's defense had not been prejudiced. Both the Michigan Court of Appeals and the Michigan Supreme Court denied leave to appeal.

Thereafter, Crawley filed his § 2254 petition, arguing that: 1) the trial court's ruling on Crawley's ineffective assistance of counsel claim involved an unreasonable determination of the facts; 2) the Michigan Court of Appeals' ruling on Crawley's Sixth Amendment claim is contrary to clearly established federal law and/or involved an unreasonable determination of the facts; 3) the Michigan Court of Appeals' failure to reach the merits of Crawley's prosecutorial misconduct claim is contrary to clearly established federal law and/or involved an unreasonable determination of the facts; and 4) the Michigan Court of Appeals' decision that there was sufficient evidence of premeditation is contrary to clearly established federal law and/or involved an unreasonable determination of the facts. Upon review, the district court dismissed Crawley's § 2254 petition as without merit. However, the court granted Crawley a certificate of appealability (COA) as to his claims numbered 1–3 above. This court denied Crawley COA as to any additional issues.

Crawley has filed a timely appeal, essentially reasserting his first three claims. He has also filed a motion for the appointment of counsel.

Upon review, we concluded that the district court properly dismissed Crawley's § 2254 petition for the reasons stated in its July 20, 2001, memorandum opinion and order. We review de novo a district court's legal conclusions regarding the disposition of a § 2254 petition. *Doan v. Brigano*, 237 F.3d 722, 729 (6th Cir.2001). The district court properly concluded that the state courts' determination of the issues did not result in a decision that was contrary to or involved an unreasonable application of clearly established federal law as determined by the United States Supreme Court. *Id.; Warren v. Smith*, 161 F.3d 358, 360–61 (6th Cir.1998).

■ The trial court properly concluded that Crawley did not establish that counsel's failure to move to suppress Crawley's statements to the police did not prejudice his defense because of the overwhelming evidence of his guilt. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In addition, the Michigan Court of Appeals properly ruled that counsel's performance did not constitute a violation of Crawley's Sixth Amendment right to effective assistance. First, there was not a substantial basis for counsel to have asserted that Crawley was so impaired that he was unable to form the specific intent to murder. *Neuman v. Rivers*, 125 F.3d 315, 324 (6th Cir.1997). Second, counsel did not render ineffective assistance by not informing Crawley that Wilbur Monroe would be testifying against him, because counsel was not aware that Monroe would be testifying until the first day of trial and because the trial court afforded Crawley sufficient time to reevaluate whether he wanted to plead guilty.

■ The Michigan Court of Appeals properly declined to review the merits of Crawley's prosecutorial misconduct claim because he did not object to the prosecutor's comments during trial. Nonetheless, the prosecutor's remarks did not render the trial unfair because prosecutors may attack the credibility of a testifying defendant, *Portuondo v. Agard*, 529 U.S. 61, 69, 120 S.Ct. 1119, 146 L.Ed.2d 47 (2000), and prosecutors are entitled to make reasonable inferences from the evidence. *United States v. Emuegbunam*, 268 F.3d 377, 405–06 (6th Cir.2001), *petition for cert. filed*, (Jan. 16, 2002) (01–8531). Even if the remarks were improper, the district court properly concluded that any error was harmless because of the overwhelming evidence against Crawley. *Maurino v. Johnson*, 210 F.3d 638, 647 (6th Cir.), *cert.*

*denied,* 531 U.S. 979, 121 S.Ct. 427, 148 L.Ed.2d 435 (2000).

Finally, we conclude that the district court properly dismissed the § 2254 petition without an evidentiary hearing because the record conclusively shows that Crawley is entitled to no relief. *Arredondo v. United States,* 178 F.3d 778, 782 (6th Cir.1999).

Accordingly, we deny the appointment of counsel and affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.